UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

SOUTHERN GENERAL AGENCY, INC.       CIVIL ACTION NO. 09-1525

VERSUS                               U.S. DISTRICT JUDGE DEE D. DRELL

BEST TEXAS GENERAL
     AGENCY, INC., et al       U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss and compel arbitration and alternative motion to dismiss for lack of personal jurisdiction, doc. #18.

This is a suit for breach of contract. Southern General Agency, Inc. (SGA) performs insurance services and underwrites insurance policies for insurance agents. It entered into a "general agency agreement" with All Texas Insurance Company, which changed its name to Best Texas General Agency, Inc. (Best Texas) in early 1999. Best Texas is owned by ACCC Holding Corporation, which also owns ACCC Insurance Company and ACCC General Agency, Inc. All the companies are controlled by defendant Jack Ikenaga.

Under the contract, Best Texas was to underwrite and issue policies on behalf of insurance agents in Texas solicited and appointed by SGA.

Plaintiff claims that the defendants breached the agreement when ACCC Holding Corporation formed ACCC General Agency, Inc. and

began conducting its Texas business through the new company and cutting out SGA. Until then, plaintiffs allege, that business was generated by Best Texas through SGA's efforts. SGA sues for amounts owed under the contract and sues the ACCC companies (except Best Texas) and Ikenaga for intentional interference with contract.

Motion to Dismiss

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th C. 1998). A court may go outside the pleadings and consider additional facts and may resolve contested issues of fact in deciding a Rule 12(b)(1) motion to dismiss.

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995).

While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. <u>Drewett v. Aetna Cas. & Sur. Co.</u>, 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* <u>Decker v. Massey-Ferguson, Ltd.</u>, 681 F.2d 111 (2nd Cir. 1982); <u>Elliott v. State Farm Mut. Auto Ins. Co.</u>, 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. <u>Bell</u>, supra.

## Analysis

The general agency agreement between SGA and Best Texas contained an arbitration clause:

> As a condition precedent to any right of action under this Agreement, if any dispute shall arise between [Best Texas] and SGA with reference to the interpretation of this Agreement, or the amounts due to or from either party, or their rights or obligations with respect to

3

any transaction involved, whether arising before or after termination of this Agreement, such differences shall be submitted arbitration.

Defendants argue that the contract requires arbitration and that all claims against all defendants are intertwined with the Agency Agreement. Plaintiff suggests that the arbitration clause does not apply to the non-signatories to the agreement and that the clause is a "narrow" arbitration clause, not a "broad" clause, and thus does not apply here.

First, the court must determine whether the parties agreed to arbitrate the dispute in question. Second, a court must determine if there are legal constraints that would preclude enforcement of the agreement. Woodmen of the World Insurance Society v. JRY, 320 Fed. Appx. 216 (5th Cir 2009).

Neither party has suggested the existence of external legal constraints precluding application of the arbitration clause.

In order to determine whether the parties agreed to arbitrate this dispute it is necessary to determine (1) whether there is a valid agreement to arbitrate and (2) whether the dispute in question falls within the scope of that agreement to arbitrate.

The parties do not contest the validity of the arbitration agreement as between its signatories, SGA and

Best Texas. The plaintiff does suggest, however, that the other ACCC companies are not covered by the agreement, as will be discussed below. Although plaintiff suggests that the arbitration clause here is narrow, and not broad, and thus does not cover the disputes, I find that it is broad. While it may not cover every possible dispute that could occur between the parties, it is at least broad enough to be "fairly debatable" whether the plaintiff's claims fall within the clause. As such, I must resolve any doubt in favor or arbitration. JRY, supra.

The more pressing question here is whether the ACCC companies which did not sign the contract are bound by the agreement to arbitrate. I find that they are. I find that it is disingenuous of plaintiff to allege in the complaint that all the ACCC companies are a single business enterprise and then argue in brief that the arbitration clause only apples to Best Texas and not to the others.

In plaintiff's complaint, it alleges that all the ACCC companies are related and controlled by Jack Ikenaga. SGA alleges that ACCC Holding owns 100% of the other companies and operates them all as a single business enterprise. It allege that the companies file a consolidated tax return. Plaintiff claims that ACCC pays the Best Texas employees and that commission checks on the account of Best Texas are

signed by ACCC's Comptroller. In fact, SGA admits in its brief that Best Texas has no assets and "failed to follow corporate formalities".

Importantly, plaintiff asserts in its complaint that its negotiations with Best Texas over the contract now in dispute were really with ACCC. SGA summarizes in paragraph 19 of its complaint that:

> "the obligations of Best Texas are the obligations of ACCC, ACCC Agency, and ACCC Holding, and any breach of the Agreement, as alleged herein, between Best Texas and SGA was caused by the employees of ACCC, with both Best Texas and ACCC liable for damages caused by such breach."

SGA asserts in its complaint that the ACCC companies are bound by the terms of paragraph 5 of the agreement; yet it claims now that they are not subject to the arbitration clause found in the same contract. Finally, plaintiff claims that Ikenaga directed the ACCC companies under his control and Best Texas to transfer the business away from Best Texas to ACCC Agency, precipitating a breach of the agreement.

Non-signatories to an arbitration agreement may nevertheless be bound by it under the doctrine of equitable estoppel in order to fulfill the federal pro-arbitration

6

policy of the Act. Grigson v. Creative Artists Agency, 210 F.3d 524 (5th Cir. 2000). In Grigson, the Fifth Circuit set forth two circumstances when equitable estoppel will mandate application of an arbitration clause to non-signatories to it. First, when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the non-signatory, and, second, when the signatory to the contract raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract.

Both circumstances are present in this case, based on the recitation of facts and claims above. Under Grigson, the decision whether to apply equitable estoppel is discretionary with the district court.

For the foregoing reasons, I find that the doctrine of equitable estoppel is applicable and should be applied in this case to compel arbitration of this dispute between all parties. Because I find that arbitration applies, the determination of questions of personal jurisdiction should be reserved, and may be re-urged if necessary at a later time.

Therefore, IT IS RECOMMENDED that the motion to dismiss be GRANTED and that the parties be ORDERED to arbitrate these disputes pursuant to the contract's arbitration clause. IT IS

FURTHER RECOMMENDED that the issue of personal jurisdiction be pretermitted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 28th day of January, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE